YOUNG ROOFING COMPANY, INC. v. NORTH CAROLINA DEPARTMENT OF REVENUE

No. 7810SC429

(Filed 3 July 1979)

**Taxation § 31.1— sheet metal articles—sales tax on fabrication labor**

     Sales tax is due upon the sales price, including fabrication labor, of sheet metal articles made to order for the taxpayer's customers when there is no contract requiring installation by the taxpayer and such articles are not for resale by the customer.

APPEAL by petitioner from *Clark, Judge*. Judgment entered 10 February 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 8 February 1979.

The petitioner operates a roofing and sheet metal business which fabricates customer-order items from sheet metal. Auditors of the Department of Revenue proposed an assessment for additional sales tax plus penalty and interest against the petitioner. The petitioner denied liability. A hearing was held by the Commissioner of Revenue from which an appeal to the Tax Review Board was taken. The Tax Review Board remanded the case to the Commissioner for a further hearing. The Commissioner held a hearing which was continued twice for taking further evidence. The Commissioner made findings of fact that the petitioner had fabricated certain articles of personal property for a customer's order for which there was no contract to attach or install to realty, but which were merely delivered to the customer for use by him, and on articles which were fabricated to a customer's order and attached or installed upon the customer's personal property. The plaintiff paid the sales tax on the cost of materials, but excluded the cost of labor. The Commissioner assessed a tax for the cost of labor and the Tax Review Board affirmed. The superior court affirmed the judgment of the Tax Review Board.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for respondent appellee.*

*Eugene C. Brooks III, for petitioner appellant.*

WEBB, Judge.

Both parties in their briefs state the question involved in this appeal is as follows:

"Is sales tax due upon the sales price, including fabrication labor, of sheet metal articles made to order for taxpayer's customers, when there is no contract requiring installation by the taxpayer, and where such articles are not for resale by the customer?"

G.S. 105-164.4 provides:

There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail . . . the same to be collected and the amount to be determined by the application of the following rates against gross sales . . .

(1) At the rate of three percent (3%) of the sales price of each item or article of tangible personal property when sold at retail in this State . . . .

G.S. 105-164.3 provides:

(6) "Gross sales" means the sum total of all retail sales of tangible personal property as defined herein, whether for cash or credit without allowance for cash discount and without any deduction on account of the cost of the property sold, the cost of materials used, labor or service costs, interest paid or any other expenses whatsoever . . . .

\* \* \*

(13) "Retail" shall mean the sale of any tangible personal property in any quantity or quantities for any use or purpose on the part of the purchaser other than for resale.

\* \* \*

(16) "Sales price" means the total amount for which tangible personal property is sold including charges for any services that go into the fabrication, manufacture or delivery of such tangible personal property and that are a part of the sale valued in money . . . without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor or service costs, interest charged, losses or any other expenses whatsoever.

The statute imposes a tax on retail sales. It defines "retail" as sales to persons for any purpose on the part of the purchaser other than resale. It expressly provides the cost of labor shall not be deducted in the calculation of the sales price. We hold that the statute requires the question posed in both briefs to be answered in the affirmative.

Affirmed.

Judges PARKER and ARNOLD concur.