CAROLINA PHOTOGRAPHY, INC., A NORTH CAROLINA CORPORATION, PLAINTIFF v. REGINALD S. HINTON, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA08-609

(Filed 7 April 2009)

**1. Taxation— sales and use—photography sitting fees—taxable income**

Sitting fees charged each student before the student ordered printed photographs are part of the sales price of those printed photographs and constituted taxable income under the Sales and Use Tax Act. Carolina Photography could not produce or sell a printed photograph if it did not first arrange the sitting to take the picture. N.C.G.S. § 105-164.3(16).

**2. Taxation— bulletin and administrative decision— publication**

The argument that a Department of Revenue Sales and Use Tax Technical Bulletin and an administrative decision were not applicable because they were not published was rejected where the bulletin was available on a website, the administrative decision in a Lexis database, and plaintiff had the option of contacting the Department of Revenue to inquire about its liability.

Appeal by defendant from order entered 12 February 2008 by Judge John B. Lewis, Jr. in Superior Court, Lincoln County. Heard in the Court of Appeals 17 November 2008.

*Philip M. Moilanen, P.C., by Philip M. Moilanen, and Pendleton, Pendleton & Deaton, PA, by Wesley L. Deaton, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for defendant-appellant.*

CAROLINA PHOTOGRAPHY, INC. v. HINTON

[196 N.C. App. 337 (2009)] ·

WYNN, Judge.

Under the Sales and Use Tax Act, revenue derived from the "sales price" of tangible personal property is taxable income.[1] In this matter, the Secretary of Revenue argues that the trial court erred by ruling that "sitting fees" charged by Carolina Photography on photographs ultimately sold to high school seniors did not constitute taxable income. Because Carolina Photography's "sitting fees" are charges for fabrication labor of printed photographs, we hold that the "sitting fees" constitute taxable income and therefore reverse the trial court's ruling.

Carolina Photography engaged in the business of photographing underclass and senior students at various North Carolina high schools. Carolina Photography arranged a variety of poses, backgrounds, and lighting for senior students, for which they were charged a "sitting fee," regardless of whether the students ultimately purchased printed photographs. The "sitting fee" was charged at the time the photographs were taken. If a senior student ultimately ordered printed photographs, Carolina Photography charged additional fees to cover the cost of production. Approximately 30% of students that paid a "sitting fee" did not purchase any finished prints.

On 10 June 2002, the Secretary of Revenue audited Carolina Photography's records for the period between 1 March 1999 to 31 January 2002. As a result of the audit, the Secretary of Revenue assessed additional sales tax on Carolina Photography for its collection of "retouching fees," "copyright fees," and "sitting fees" from senior students. However, the Secretary of Revenue did not assess sales tax on "sitting fees" that did not precede an order for printed photographs. Thus, the Secretary of Revenue's audit resulted in additional tax only on those "sitting fees" that were ultimately followed by an order for printed photographs.

Following the audit, Carolina Photography paid all additional sales tax, but filed suit under N.C. Gen. Stat. § 105-267 (1999) for a refund of all additional amounts paid. On cross-motions for summary judgment, the trial court entered an order on 12 February 2008 that, in relevant part:[2] (1) granted Carolina Photography a refund for additional tax paid for its "sitting fees;" and (2) reserved judgment on the

1. N.C. Gen. Stat. § 105-164.3(16) (1999).

2. The trial court's order also adjudicated Carolina Photography's liability for additional tax on "copyright fees" and "retouching fees," but the parties agree that those charges are not in dispute before this Court.

amounts Carolina Photography actually paid. On 25 February 2008, the trial court entered a consent judgment allocating the amounts to be refunded or paid.

---

**[1]** On appeal, the Secretary of Revenue argues that the "sitting fees" fall within the plain language of N.C. Gen. Stat. § 105-164.3(16) (1999), which defines "sales price" as:

> the total amount for which tangible personal property is sold including charges for any services that go into the fabrication, manufacture or delivery of such tangible personal property and that are a part of the sale valued in money whether paid in money or otherwise and includes any amount for which credit is given to the purchaser by the seller without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor or service costs, interest charged, losses or any other expenses whatsoever.

N.C. Gen. Stat. § 105-164.3(16) (1999). As support for its position, the Secretary of Revenue also cites *Young Roofing Co. v. Dep't of Revenue*, 42 N.C. App. 248, 256 S.E.2d 306 (1979), Department of Revenue Sales and Use Tax Technical Bulletin § 32-2(B), and several Department of Revenue administrative decisions. We consider these authorities in turn.

In *Young Roofing*, this Court considered whether "fabrication labor, of sheet metal articles made to order for taxpayer's customers" was within the taxable sales price of the sheet metal products ultimately sold. *Young Roofing*, 42 N.C. App. at 249, 256 S.E.2d at 307. The Court held that the fabrication labor was within the taxable sales price because the statute "expressly provid[ed] the cost of labor shall not be deducted in the calculation of the sales price." *Id.* at 250, 256 S.E.2d at 307.

The Sales and Use Tax Technical Bulletin and administrative interpretations the Secretary of Revenue cites are consistent with the reasoning in *Young Roofing*. A rule, bulletin, or directive promulgated by the Secretary of Revenue which interprets a law under the Sales and Use Tax Act is *prima facie* correct, N.C. Gen. Stat. § 105-264 (1999); however, the construction given a law in an administrative decision by the Secretary of Revenue is not deemed *prima facie* correct, although it is entitled to due consideration by the courts. *Campbell v. Currie*, 251 N.C. 329, 333, 111 S.E.2d 319, 322-23 (1959); *Nat'l Serv. Indus., Inc. v. Powers*, 98 N.C. App. 504, 507, 391 S.E.2d 509, 511, *disc. review denied*, 327 N.C. 431, 395 S.E.2d 685 (1990).

North Carolina Sales and Use Tax Technical Bulletin § 32-2 (issued 1 June 1996) was issued in part under the authority of N.C. Gen. Stat. § 105-264, and the Bulletin addresses the taxability of "photo supplies, photographs and materials." Subsection (B) provides, in pertinent part:

> *Gross receipts from sales of photographs* including all charges for developing or printing by commercial or portrait photographers or others are subject to the general rate of State tax and any applicable local sales or use tax.

N.C. Sales and Use Tax Technical Bulletin § 32-2(B) (1996), *available at* http://www.dor.state.nc.us/practitioner/sales/bulletins/toc.html (emphasis added) (last visited 21 November 2008).

The Department of Revenue decided several refund actions after the Bulletin was issued, each of which are consistent with the reasoning in *Young Roofing* that charges for the fabrication of tangible personal property are taxable. In *Docket No. 99-187*, 1999 N.C. Tax LEXIS 27 (Dec. 20, 1999), for example, the taxpayer was engaged in the business of advertising and design, in which it performed certain "creative services" in association with the sale of tangible personal property. *Id.* at *5-6. The taxpayer collected sales tax on the tangible personal property it sold, but did not collect sales tax on the "creative services," although it invoiced those separately. *Id.* As Carolina Photography does in this case, the taxpayer in *Docket· No. 99-187 ·* argued that the "creative services" were rendered separately from the transaction for the sale of the tangible personal property, and thus not a part of the "sales price" of that property. The Assistant Secretary of Revenue·rejected this interpretation of N.C. Gen. Stat. § 105-164.3(16) and its accompanying regulation, 17 N.C. Admin. Code 7B.0901(c) (1999), because the "sales and use tax is a transaction oriented tax and the application of the tax is dependent upon the nature of the transaction entered into between the parties." *Id.* at *9. Because the "true nature of the transactions in question . . . involved the acquisition of tangible personal property," the Assistant Secretary of Revenue declined to view the transaction for "creative services" as distinct from the taxable transaction for tangible personal property. *Id.* The "creative services" "were an inseparable function of the fabrication process that produced the tangible personal property sold." *Id.*

In *Docket No. 2004-348*, 2005 N.C. Tax LEXIS 2 (May 18, 2005), the Assistant Secretary of Revenue reached the same conclusion regarding a photographer's "sitting fees" and "overtime charges." The

photographer was a retailer of wedding photographs and videos. To compensate for the extended time and editing work that sometimes accompanied production of the photographs and videos, the photographer occasionally charged "sitting fees" and "overtime charges." *Id.* at *9-10. The photographer argued that the "sitting fees" and "overtime charges" should be excluded from the sales price of the printed photographs and videos as a nontaxable service. *Id.* at *10. The Assistant Secretary of Revenue again rejected the argument, finding that the term "gross receipts" in Sales and Use Tax Technical Bulletin § 32-2(B) "includes overtime charges and sitting fees." *Id.* at *12. The Assistant Secretary of Revenue concluded that the "sitting fees" and "overtime charges" were services necessary to complete the sale of the tangible personal property that was the ultimate object of the transaction. *Id.* at *12-13. Thus, in its interpretations before and after the audit period in this case, the Department of Revenue has interpreted the meaning of "sales price" in N.C. Gen. Stat. § 105-164.3(16) to include charges for fabrication labor preceding a sale of tangible personal property.

Nonetheless, Carolina Photography seeks to distinguish *Young Roofing* and the Department of Revenue's administrative decisions by arguing that its "sitting fees" are unique because they were charged and billed separately, regardless of whether the student ultimately purchased printed photographs. Furthermore, Carolina Photography argues that the Bulletin and the administrative decisions should not be applicable because there is no evidence that they were published by the Department of Revenue. This distinction is without merit.

Indeed, Carolina Photography was assessed additional sales tax only for "sitting fee" charges that preceded a sale of printed photographs. Therefore, following the reasoning in *Young Roofing*, the Bulletin, and the Department of Revenue's administrative decisions, the "sitting fee" charges preceding the sale of printed photographs must be considered charges for labor to fabricate the printed photographs. Stated another way, Carolina Photography could not produce, or ultimately sell, a printed photograph if it did not first arrange the "sitting" to take the picture. Accordingly, we hold that the "sitting fees" Carolina Photography charged each senior student before the student ordered printed photographs, are part of the sales price of those printed photographs.

[2] Finally, we are not persuaded by Carolina Photography's argument that Sales and Use Tax Technical Bulletin § 32-2 and the Department of Revenue's administrative decisions should not apply

because they were not published. First, the Department of Revenue maintains a website where the Sales and Use Tax Technical Bulletins are available. *See* http://www.dor.state.nc.us/practitioner/sales/bulletins. Also, the Department of Revenue's administrative decisions are published on the Lexis database. Finally, Carolina Photography had the option, which it did not exercise, to contact the Department of Revenue to inquire about its liability to collect tax on its "sitting fees."

In sum, we reverse the trial court's order granting a refund to Carolina Photography for the tax assessed on its "sitting fee" charges.

Reversed.

Judges STEPHENS and JOHNSON concur.